1  MANATT, PHELPS & PHILLIPS, LLP
   CHRISTOPHER L. WANGER (Bar No. CA 164751)          * E-filed 7/28/06 *
2  RYAN S. HILBERT (Bar No. CA 210549)
   1001 Page Mill Road, Building 2
3  Palo Alto, CA  94304-1006
   Telephone:     (650) 812-1300
4  Facsimile:     (650) 213-0260

5  Attorneys for Defendant,
   ENTRUST ADMINISTRATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAIBO CHI, DAFENG CHEN, RUILING QIN, TYSON LEE, LIMING MA, TAO JIN, WEI YUAN, XIN ZHOU, YUE XU, BIAO ZHANG, LI ZHANG, RAN XIAO, JEFF ZHU, LINDI WANT, EDMOND CHEN, ZHEN HAO, XUEPU ZHAO, SHU-JANE TAN, HAIYING WANG, NING XU,<br><br>      Plaintiffs,<br><br>Vs.<br><br>DIRECT EQUITIES, LLP, DIRECT EQUITIES, INC. (D.B.A. NATIONWIDE PROPERTIES), CRAIG N. KIRT, THE ADMINISTRATOR OF THE ESTATE OF CRAIG N. KIRT, INGRID KIRT, STEVE M. SCOTT, KELLY KINGSLAND, PAUL KASPUTIS, ENTRUST ADMINISTRATION, INC., DAVID WINTER, AND DOES 1-50,<br><br>      Defendants. | **Case No. C05-01594 RMW**<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING MOTION OF ENTRUST ADMINISTRATION, INC. TO VACATE DEFAULT JUDGMENT AND SET ASIDE DEFAULT** |

WHEREAS, the default of Defendant ENTRUST ADMINISTRATION, INC. ("Entrust") was entered in this matter on June 30, 2005;

WHEREAS, a default judgment in the total amount of two hundred thirty thousand dollars ($230,000) was entered against Entrust on January 23, 2006;

WHEREAS, Entrust has filed a motion to set aside its default and vacate the judgment

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

STIPULATED ORDER
VACATING DEFAULT JUDGMENT
CASE NO. C05-01594 RMW

1  against it, which motion is scheduled to be heard on August 18, 2006; and

2  WHEREAS, Plaintiffs, HAIBO CHI, DAFENG CHEN, RUILING QIN, TYSON LEE,
3  LIMING MA, TAO JIN, WEI YUAN, XIN ZHOU, YUE XU, BIAO ZHANG, LI ZHANG,
4  RAN XIAO, JEFF ZHU, LINDI WANT, EDMOND CHEN, ZHEN HAO, XUEPU ZHAO,
5  SHU-JANE TAN, HAIYING WANG, and NING XU do not oppose Entrust's motion.

6  WHEREFORE, IT IS HEREBY STIPULATED by and among the parties hereto through
7  their respective counsel that the default judgment entered against Entrust should be vacated and
8  Entrust's default set aside.

9  Dated: July 25, 2006            MANATT, PHELPS & PHILLIPS, LLP

11                                  By: /s/ Christopher L. Wanger
                                        Christopher L. Wanger
                                        Attorneys for Defendant,
12                                      ENTRUST ADMINISTRATION, INC.

13  Dated: July 25, 2006            SCHEIN & CAI LLP

15                                  By: /s/ James Cai
                                        James Cai
                                        Attorneys for Plaintiffs, HAIBO CHI, DAFENG
16                                      CHEN, RUILING QIN, TYSON LEE, LIMING
                                        MA, TAO JIN, WEI YUAN, XIN ZHOU, YUE
17                                      XU, BIAO ZHANG, LI ZHANG, RAN XIAO,
                                        JEFF ZHU, LINDI WANT, EDMOND CHEN,
18                                      ZHEN HAO, XUEPU ZHAO, SHU-JANE TAN,
                                        HAIYING WANG, NING XU

19  *Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures,*
20  *Christopher L. Wanger hereby attests that concurrence in the filing of this document has been obtained.*

21  **ORDER**

22  Pursuant to the foregoing stipulation and good cause appearing, IT IS HEREBY
23  ORDERED that that the default judgment entered against Entrust shall be vacated and Entrust's
24  default shall be set aside. Entrust shall answer, move or otherwise respond to the First Amended
25  Complaint in this matter within twenty (20) days of the date below.

27  Dated: __7/28__, 2006            *Ronald M. Whyte*
                                     Honorable Ronald M. Whyte
28                                   United States District Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

STIPULATED ORDER
VACATING DEFAULT JUDGMENT
CASE NO. C05-01594 RMW